IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY LEE FROST,                                                                             PETITIONER
ADC #140003

v.                                             5:15CV00036-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

On November 19, 2008, a Drew County jury convicted Petitioner Jimmy Frost of attempted murder, committing a terrorist act, and possession of a firearm by a certain person. (Doc. Nos. 1, 11.) He was sentenced to 276 months, 120 months, and 120 months, respectively, and all sentences were to run concurrently. (*Id.*) Mr. Frost appealed his conviction arguing sufficiency of the evidence regarding the terrorist act charge and various ways the trial court abused its discretion. *Frost v. State*, 2010 Ark. App. 163. The Arkansas Court of Appeals recited the underlying facts of the case:

> About a month after his wife, Venessa, filed for divorce, Jimmy Frost invited her to their home to talk. She went. Frost asked her to come back and live with him, but she said no. He responded "I'm going to do what I told you I'd always do if you left me. I'm going to kill you." Frost then pulled out a .22 caliber pistol and shot Venessa four times as she sat alone in her car. Venessa survived.

*Id.* at *1. Mr. Frost appealed to the Arkansas Supreme Court, but it declined to review the case. A mandate was issued on May 13, 2010. (Doc. No. 7.)

Mr. Frost filed a Rule 37 petition on June 17, 2010, arguing his Eighth Amendment rights were violated when the trial court denied his choice of attorney. (Doc. No. 8-2.) The Drew County Circuit Court denied the petition on July 2, 2010. (Doc. No. 8-3.) Then, Mr. Frost filed a motion

2

to extend time to appeal, but the Arkansas Supreme Court denied the motion because it was clear Mr. Frost would not prevail. *Frost v. State*, 2010 Ark. 440 *1.

Mr. Frost then filed a petition (Doc. No. 8-5) to correct a sentence imposed in an illegal manner on November 14, 2011; it was denied November 18, 2011. (Doc. No. 8-6.) A year and a half later, on April 26, 2013, he filed a state habeas corpus petition (Doc. No. 8-7), and it was denied on May 10, 2013. (Doc. No. 8-8.) Then on March 20, 2014, he filed a motion for nunc pro tunc order (Doc. No. 8-9) but it also was denied. (Doc. No. 8-10.) Finally, he filed the instant Petition on February 2, 2015, arguing: (1) his sentence was illegally modified; (2) his constitutional rights were violated when the trial court denied his motion to hire counsel of his choice; (3) double jeopardy and multiple punishments; and (4) his habitual offender enhancement does not coincide with the Arkansas Code Annotated. (Doc. No. 1.) Respondent filed a Motion to Dismiss (Doc. No. 7) requesting Mr. Frost's Petition be dismissed as time-barred. (Doc. No. 7.) For the following reasons, this Court agrees.

**II.  ANALYSIS**

Respondent argues that Mr. Frost's Petition is untimely based on the one-year period of limitation imposed by Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. No. 7.) Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

Accordingly, the Court finds the Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arkansas Supreme Court's mandate was issued May 13, 2010, making his final date to file a federal habeas petition May 13, 2011. However, Mr. Frost filed a Rule 37 petition on June 17, 2010, tolling the statute until it was ruled upon on July 2, 2010. That tolling extends the deadline fifteen days, making his final date May 28, 2011. Mr. Frost did not file the instant Petition until February 2, 2015, three and a half years past the AEDPA statute of limitations.

Starting in November 2011, Mr. Frost filed several pleadings with the state court, including a petition to correct his sentence, a state habeas corpus petition, and a motion for nunc pro tunc order. However, because the AEDPA statute of limitations had already run, none of these pleadings tolled the statute. Mr. Frost has not alleged equitable tolling, but in his Response to Motion to Dismiss (Doc. Nos. 9, 10), he claims he only learned his sentenced had been enhanced[1] after he filed his direct appeal or Rule 37 petition. A petitioner is only entitled to equitable tolling if he can show he has pursued his rights diligently and "some extraordinary circumstance" prevented him from

---

[1] The Court also notes that Petitioner was sentenced to twenty-three years and, even with the habitual offender enhancement, will be eligible for parole in 2022, fourteen years into his sentence.

timely filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Mr. Frost filed a grievance (Doc. No. 1 at 47) regarding the enhancement on December 3, 2008, five years before the current Petition and a year and a half before filing his Rule 37 petition. It can hardly be said he was diligent in pursuing the timely filing of his federal habeas petition since he took five years to file it. Furthermore, he has not argued that any "extraordinary circumstance" prevented timely filing. Therefore, Mr. Frost's Petition is time-barred and must be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time-barred. Therefore, no certificate of appealability should be issued.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 7) be GRANTED, and the Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 30th day of April, 2015.

                                                                 JOE J. VOLPE
                                                                 UNITED STATES MAGISTRATE JUDGE